UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFERS PATRICK DICKEY, | ) | 1:08-CV-01198 AWI GSA HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| MICHAEL A. SMELOSKY, Warden, | ) | [Doc. #16] |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, Hon. Lawrence J. O'Neill presiding, following his conviction by jury trial on August 26, 1996, of assault on a peace officer with a firearm, discharge of a firearm at an occupied motor vehicle, vehicle theft, willful flight from a pursuing peace officer, possession of a stolen vehicle, felon in possession of a firearm, and resisting arrest. See Lodged Doc. No. 1.[1] On September 26, 1996, Petitioner was sentenced to serve

---

[1] "Lodged Document" refers to the documents lodged by Respondent in support of his motion to dismiss.

an indeterminate term of life with the possibility of parole, plus a consecutive term of fourteen years and four months. Id.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District. On December 3, 1997, the appellate court affirmed the judgment. See Lodged Doc. No. 2. Petitioner then filed a petition for review in the California Supreme Court. See Lodged Doc. No. 3. On February 18, 1998, the petition was summarily denied. See Lodged Doc. No. 4.

Petitioner also filed three post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1. Fresno County Superior Court
Filed: March 7, 2007[2];
Denied: March 20, 2007;

2. California Court of Appeals, Fifth Appellate District
Filed: March 29, 2007;
Denied: May 3, 2007;

3. California Supreme Court
Filed: May 22, 2007;
Denied: October 10, 2007.

See Lodged Docs. Nos. 5-11.

On August 2, 2008, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On October 16, 2008, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition to Respondent's motion to dismiss on November 6, 2008. On December 17, 2008, Respondent filed a reply to Petitioner's opposition.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

---

[2]In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petitions filed on the dates Petitioner presumably handed his petitions to prison authorities for mailing as opposed to the actual dates of filing.

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on August 2, 2008, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on February 18, 1998. Thus, direct review concluded on May 19, 1998, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year commencing on May 20, 1998, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until August 2, 2008, almost ten years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Later Start Date of Limitations Period Pursuant to 28 U.S.C. § 2244(d)(1)(C)

  In his opposition, Petitioner contends that pursuant to 28 U.S.C. § 2244(d)(1)(C), the limitations period should not commence until January 22, 2007, the date the Supreme Court decided Cunningham v. California, 549 U.S. 270 (2007). Section 2244(d)(1)(C) states the limitations period commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As argued by Respondent, however, this section is not applicable because Cunningham does not qualify under § 2244(d)(1)(C). In Butler v. Curry, 528 F.3d 624, 639 (9th Cir.2008), the Ninth Circuit held that Cunningham did not announce a new rule of constitutional law.

Assuming the applicability of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), Petitioner is still not entitled to a later start date. Although these cases have been held to be new rules of constitutional law, neither one has been held to be retroactively applicable. United States v. Sanchez-Cervantes, 282 F.3d 664, 666-67 (9th Cir.2002); United States v. Cruz, 423 F.3d 1119 (9th Cir.2005). Therefore, § 2244(d)(1)(C) is inapplicable.

D.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on May 20, 1998, and expired on May 19, 1999. However, Petitioner did not file his first state habeas petition until March 7, 2007, long after the limitations period had already expired. Therefore, the collateral challenge had no tolling consequence.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).  Likewise, the subsequent petitions did not operate to toll the statute of limitations.

E.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

1 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
2 way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran
3 Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),
4 *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.
5 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544
6 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395
7 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 8, 2009**          /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE